# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 30, 2011

## STATE OF TENNESSEE v. SUSAN RENEE BISE

**Direct Appeal from the Criminal Court for Greene County**
**No. 09-CR-353     John F. Dugger, Jr., Judge**

_____

**No. E2011-00005-CCA-R3-CD - Filed September 15, 2011**

_____

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with the majority opinion in affirming the convictions. I respectfully dissent from the majority opinion's conclusion that the effective sentence must be modified to the minimum sentence of two years, based upon the majority's conclusion that the one enhancement factor found by the trial court was inappropriately applied. I do agree that the enhancement factor was inappropriately applied. I conclude, however, that in order for our sentencing scheme to be in full compliance with the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 1245 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that case's progeny, we cannot reduce an enhanced sentence imposed by a trial court which is within the appropriate range, for the sole reason that no statutory enhancement factors are applicable.

As stated by the United States Supreme Court in *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007),

> As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "[T]he relevant 'statutory maximum,'" this Court has clarified, "is not the maximum sentence a judge may impose after finding additional facts, but the

maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-304, 124 S.Ct. 2531 (emphasis in original).

*Cunningham*, 549 U.S. at 274-75, 127 S.Ct. at 860.

Merely providing broad discretion with the trial judge to consider various factors in deciding the sentence does not satisfy *Blakely*. In *Cunningham*, the Court stated clearly that,

> We cautioned in *Blakely*, however, that broad discretion to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of our decisions. **If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied**. 542 U.S., at 305, and n. 8, 124 S.Ct. 2531.

*Cunningham*, 549 U.S. at 290, 127 S.Ct. at 869. (emphasis added).

The *Cunningham* Court, in the text of the opinion relative to footnote 18, approved the current statutory sentencing scheme of Tennessee, but implicitly only to the extent that *application* of the statutory scheme by the appellate courts does not run afoul of *Blakely*. *Cunningham*, 549 U.S. at 294, 127 S.Ct. at 871 ("Other States [i.e. Tennessee] have chosen to permit judges genuinely 'to exercise broad discretion. . .within a statutory range,' which, 'everyone agrees,' encounters no Sixth Amendment shoal. *[United States v.] Booker*, 543 U.S. [220]₍₎ 233, 125 S.Ct. 738 [(2005)]").

In *State v. Carter*, 254 S.W.3d 335 (Tenn. 2008), our Supreme Court held that under the current *Blakely* compliant statutory sentencing scheme,

> [t]he amended statute no longer imposes a presumptive sentence. Rather, the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]. *Id*. § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," *id*. § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," *id*. § 40-35-103(5).

*Carter*, 254 S.W.3d at 343.

In *Carter* the Supreme Court also held that since statutory enhancement and mitigating factors are merely advisory, a trial court does not err (abuse its discretion) by *not* setting a sentence above the minimum even if it finds applicable *several* enhancement factors. *Carter*, 254 S.W.3d at 345. Conversely, the trial court cannot abuse its discretion by imposing a sentence below the maximum in the range, even if several mitigating factors are found applicable. *Id*.

The appellate courts cannot impose with case law what the legislatures are constitutionally prohibited from imposing with statutory law. By holding that the length of the defendant's sentence in the case *sub judice* must be reduced to the statutory minimum sentence because the sole enhancement factor applied by the trial court is not applicable, the majority, by implication, is holding that the defendant's sentence in this case cannot be increased above the minimum unless the trial court finds applicable an enhancement factor that is not a prior conviction. In effect, this, to me, obviously violates *Blakely*. I am unsure under what circumstances the length of a sentence, imposed within the appropriate range, can be modified by this court on appeal without, in effect, causing the statutory scheme in Tennessee to violate *Blakely*. In *Carter*, the Supreme Court noted that a party in that case asserted "that '[t]he tenor of the 2005 amendments [to the sentencing statutes] is that the *only* limitations on the discretion of the trial court are the bounds of the applicable range.'" *Carter*, 254 S.W.3d at 344, n. 10. The Supreme Court in *Carter* did not address this assertion due to the fact its holding in the case relieved it of the necessity to do so, even though it noted that sentences must comport with the purposes enunciated in Tennessee Code Annotated section 40-35-102 and the principles codified at section 40-35-103. *Carter*, 254 S.W.3d at 344, n. 10.

Despite what I may have previously written or concurred in, I am now compelled to conclude that not only the "tenor of the 2005 amendments," but *Blakely* and *Cunningham* mandate that a trial judge's discretion to set a sentence anywhere within the appropriate range cannot be limited by the fact that no "advisory" enhancement factors are applicable.

Accordingly, I would affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE